**FILED**
**OCTOBER 31, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**07 C 6145**

**JUDGE DARRAH**
**MAGISTRATE JUDGE MASON**

# Exhibit A

ATTY I.D. #25535

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

2007 AUG -6 PM 3: 55

| | | |
|---|---|---|
| GEORGE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 06 L 010603 |
| | ) | |
| MOUNT SINAI HOSPITAL MEDICAL CENTER and STUART KIKEN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| and | ) | |
| | ) | |
| JOHNNIE LEWIS, D.P.M. and NADIRA ALIKHAN, M.D., | ) | |
| | ) | |
| Respondents In Discovery. | ) | |

## AMENDED COMPLAINT AT LAW

### COUNT I

Plaintiff, GEORGE HILL, by his attorneys, SANDMAN, LEVY AND PETRICH, and complaining of the defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER, alleges and states:

1. That on and after October 25, 2004, defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER (hereinafter "MT. SINAI"), owned and operated a hospital commonly known as Mount Sinai Hospital and Medical Center.

2. That on and after October 25, 2004, MT. SINAI had as its employees and agents, various nurses, nurses aids and resident physicians.

3. That on and after October 25, 2004, plaintiff, GEORGE HILL, was a patient and in-patient at defendant, MT. SINAI'S hospital.

SANDMAN, LEVY
AND PETRICH
ATTORNEYS AT LAW
34 N. LA SALLE STREET
9TH FLOOR
CHICAGO 60602
TELEPHONE
(312) 726-1692

4. That on and after October 25, 2004, plaintiff, GEORGE HILL, was at risk for developing decubitus ulcers due to his diabetes and pancreatitis.

5. That it was the duty of defendant, MT. SINAI, by and through its employees and agents, nurses, nurses aids and resident physicians, to exercise that degree of skill and care in treating plaintiff, GEORGE HILL, as was exercised by physicians and surgeons in the same or similar circumstances.

6. Notwithstanding the abovementioned duty, defendant, MT. SINAI, by and through its employees, agents, nurses and nurses aids, committed one or more of the following acts of professional negligence:

   (a) Failed to timely turn GEORGE HILL;

   (b) Failed to timely place heel protectors on GEORGE HILL'S feet;

   (c) Failed to elevate GEORGE HILL'S feet off of his bed.

7. That as a direct and proximate cause of one or more of the abovementioned acts of professional negligence, plaintiff, GEORGE HILL, developed a decubitus ulcer on his foot which led to an above the knee amputation and caused him to experience pain and suffering and expend divers sums of money on medical care.

8. That plaintiff's attorney has complied with 735 ILCS 5/2-622 (Exhibit "A").

WHEREFORE, plaintiff, GEORGE HILL, demands judgment from the defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER, in an amount in excess of $50,000.00, plus costs of this lawsuit.

SANDMAN, LEVY
AND PETRICH
ATTORNEYS AT LAW
4 N. LA SALLE STREET
9TH FLOOR
CHICAGO 60602
TELEPHONE
(312) 726-1692

## COUNT II

Plaintiff, GEORGE HILL, by his attorneys, SANDMAN, LEVY AND PETRICH, and complaining of the defendant, STUART KIKEN, M.D., alleges and states:

1. That on and after October 25, 2004, defendant, STUART KIKEN, M.D. was a physician licensed to practice medicine in Illinois.

2. That on and after October 25, 2004, defendant, STUART KIKEN, M.D., was on staff at MOUNT SINAI HOSPITAL MEDICAL CENTER.

3. That on and after October 25, 2004, plaintiff, GEORGE HILL, was a patient at MOUNT SINAI HOSPITAL MEDICAL CENTER.

4. That on and after October 25, 2004, plaintiff, GEORGE HILL, was at risk for developing decubitus ulcers due to his diabetes and pacreatitis.

5. That on and after October 25, 2004, defendant, STUART KIKEN, M.D., was GEORGE HILL'S attending physician at MOUNT SINAI HOSPITAL MEDICAL CENTER.

6. That it was the duty of defendant, STUART KIKEN, M.D., to exercise that degree of skill and care in treating GEORGE HILL as was exercised by physicians in the same or similar circumstances.

7. Notwithstanding the abovementioned duty, defendant, STUART KIKEN, M.D., committed one or more of the following acts of professional negligence:

   (a) Failed to recognize that GEORGE HILL was at an increased risk of developing pressure ulcers upon admission to the hospital;

   (b) Failed to monitor GEORGE HILL for the development of pressure ulcers;

   (c) Failed to order appropriate measures to prevent the development of pressure ulcers in GEORGE HILL.

8. That as a direct and proximate cause of one or more of the abovementioned acts of professional negligence, plaintiff, GEORGE HILL, developed a decubitus ulcer on his

SANDMAN, LEVY AND PETRICH
ATTORNEYS AT LAW
34 N. LA SALLE STREET
9TH FLOOR
CHICAGO 60602
TELEPHONE
(312) 726-1692

3

foot which led to an above the knee amputation and caused him to experience pain and suffering and expend divers sums of money on medical care.

9. That plaintiff's attorney has complied with 735 ILCS 5/2-622 (Exhibit "A").

WHEREFORE, plaintiff, GEORGE HILL, demands judgment from the defendant, STUART KIKEN, M.D., in an amount in excess of $50,000.00, plus costs of this lawsuit.

## RESPONDENTS IN DISCOVERY

Plaintiff, GEORGE HILL, by his attorneys, SANDMAN, LEVY AND PETRICH, and pursuant to 735 ILCS 5/2-402 of the Illinois Code of Civil Procedure brings this action against respondents in discovery, JOHNNIE LEWIS, D.P.M. and NADIRA ALIKHAN, M.D., and states:

1. That on and after October 25, 2004, plaintiff, GEORGE HILL, was a patient of respondents in discovery, JOHNNIE LEWIS, D.P.M. and NADIRA ALIKHAN, M.D.

2. That respondents in discovery, JOHNNIE LEWIS, D.P.M. and NADIRA ALIKHAN, M.D. possess knowledge and information that is critical to determining whether or not a cause of action exists.

WHEREFORE, plaintiff, GEORGE HILL seeks to conduct discovery pursuant to 735 ILCS 5/2-402 of the Illinois Code of Civil Procedure.

SANDMAN, LEVY AND PETRICH

By: _____
Matthew I. Baker
Attorney for Plaintiff(s)

SANDMAN, LEVY
AND PETRICH
ATTORNEYS AT LAW
14 N. LA SALLE STREET
9TH FLOOR
CHICAGO 60602
TELEPHONE
(312) 726-1692

## AFFIDAVIT OF DAMAGES

MATTHEW I. BAKER, being first duly sworn on oath, deposes and states as follows:

1. That your affiant is one of the attorneys representing the plaintiff(s) in the case of HILL, GEORGE V. MOUNT SINAI HOSPITAL MEDICAL CENTER, ET AL

2. That the money damages sought exceeds $50,000.00.

FURTHER, your affiant sayeth not.

_____
MATTHEW I. BAKER

SUBSCRIBED and SWORN to before me this ____ day of _____, 2007.

_____
Notary Public

MARCI R. METZ
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
May 3, 2011

SANDMAN, LEVY
AND PETRICH
ATTORNEYS AT LAW
4 N. LA SALLE STREET
9TH FLOOR
CHICAGO 60602
TELEPHONE
(312) 726-1692

5

# Exhibit B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the first amended complaint in *George Hill v. Mount Sinai Medical Center and Stuart Kiken, M.D., etc.*, No. 06 L 010603 (Circuit Court of Cook County, Illinois) and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that defendant Stuart Kiken, M.D., was acting within the scope of his employment with Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of this case, Stuart Kiken, M.D., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

_____
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: September 21, 2007